IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF/RESPONDENT

v.                            Criminal No. 5:13-cr-50042

JASON STALLCUP                                                              DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 59) filed by Movant, Jason Stallcup ("Stallcup"), pursuant to 28 U.S.C. § 2255.[1]  The United States ("Government") filed a Response (ECF No. 61).  Stallcup filed a Reply (ECF No. 62).  An evidentiary hearing is not warranted in this matter, as the § 2255 motion, the files, and the records in this case conclusively show that Stallcup is not entitled to relief.  *See* 28 U.S.C. § 2255(b); *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) ("No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which they are based").

### I.    BACKGROUND

On April 24, 2013, Stallcup was named in a two-count indictment.  (ECF No. 1).  Count One charged that Stallcup, on or about December 15, 2008, unlawfully obstructed, delayed, and affected commerce by robbery.  *Id.* at 1.  Specifically, he took "personal property consisting of jewelry belonging to Romance Diamond Company in Fayetteville, Arkansas, from the person or in the presence of another, against the persons will, by means of actual and threatened force,

---

[1] The Motion incorporates a Status Report (ECF No. 57) filed on October 21, 2020.

1

violence, and fear of injury," in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act robbery"). *Id.* Count two charged that Stallcup in relation to a "crime of violence," *i.e.,* the robbery, knowingly used, carried, brandished, or possessed a firearm in furtherance of the crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* at 1-2.

On October 7, 2013, Stallcup entered a guilty plea to both counts of the indictment. (ECF Nos. 30-31). In the plea agreement, Stallcup admitted that he "entered the [Romance Diamond] jewelry store . . pulled out and brandished a .22 caliber firearm and directed employees to fill up a bag with jewelry." (ECF No. 31 at 2). After the bag was filled with a large amount of jewelry, Stallcup "restrained the two employees and one customer with zip-ties and exited the business." *Id.*

On March 20, 2014, Stallcup was sentenced to 240 months of imprisonment on Count One, 87 months of imprisonment on Count Two, to run consecutively, three years supervised release on Count One, five years supervised release on Count Two, to run concurrently, a $200 special assessment, and he was ordered to pay $173,066.54 in restitution. (ECF No. 41). An appeal followed. (ECF No. 43). On October 24, 2014, the Eighth Circuit, in an unpublished opinion affirmed the within-Guidelines-range sentence. (ECF No. 53-1 at 1-2); *United States v. Stallcup,* 581 F. App'x 599 (8th Cir. 2014). The mandate was entered on December 8, 2014. (ECF No. 53).

On June 22, 2020, Stallcup filed a *pro se* Motion to Equitably Toll the Statute of Limitations under 18 U.S.C. § 2255(f)(3), in view of the decision of the United States Supreme Court in *United States v. Davis,* ___ U.S. ___, 139 S. Ct. 2319 (2019). (ECF No. 54). Subsequently, counsel was appointed for Stallcup and counsel was directed to file a status report on whether Stallcup had grounds to file a motion under § 2255. (ECF No. 56). The Status Report

2

was filed on October 21, 2020 (ECF No. 57), and an Order was entered on October 29, 2020 (ECF No. 58) directing counsel to file a § 2255 motion by December 14, 2020. Thereafter, the instant Motion (ECF No. 59) was filed on December 14, 2020.

## II.     DISCUSSION

### A.  Section 2255

Section 2255(a) provides "[a] federal prisoner in custody under sentence by a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Relief under [§] 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

### B.  Timeliness of the Motion

The Court must first address the Government's threshold argument that Stallcup's Motion was not timely filed. This issue is governed by 28 U.S.C. § 2255(f). All motions filed under § 2255 are subject to a one-year statute of limitation. *Id.* The one-year period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme

>Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Pursuant to § 2255(f)(3), Stallcup contends the one-year limitation period did not begin to run until *Davis* was decided on June 24, 2019. Stallcup filed his Motion to Equitably Toll the Statute of Limitations (ECF No. 54) within one-year of the *Davis* decision. As set forth above, § 2255(f)(3) provides the statute of limitations begins to run from the date *a right was initially recognized by the Supreme Court*. The Government argues his § 2255 Motion is untimely and barred by the applicable statute of limitations, maintaining that *Davis* is inapplicable and Stallcup is entitled to no relief under it. While the Court agrees with the Government that Stallcup's argument will prove unavailing, this goes to the merits of his arguments and not to the issue of when the one-year statute of limitation began to run.

In his filing of June 22, 2020, Stallcup clearly indicated his intent to file a § 2255 motion based on the *Davis* decision.[2] (ECF No. 54). He also set forth his argument that his Hobbs Act robbery conviction can no longer constitute a "crime of violence" under § 924(c)(3)(A) given the *Davis* decision. *Id.* Pursuant to Rule 15(c)[3] of the Federal Rules of Civil Procedure, an amended habeas petition will relate back to the filing date of the original pleading so long as the claim arises out of the same conduct, transaction, or occurrence. *Mayle v. Felix*, 545 U.S. 644, 656 (2005). Rule 15(c)'s relation-back provision "relaxes, but does not obliterate, the statute of limitations;

---

[2] Stallcup contends he was unable to fully research and write his § 2255 motion because of the extraordinary circumstance of the Bureau of Prisons' implementation of a nationwide lockdown since March 2020 in response to the COVID-19 pandemic.

[3] Made applicable to habeas proceedings by 28 U.S.C. § 2242.

hence relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Id.* at 659. The petition filed by Stallcup's counsel (ECF No. 59) raises the same claim and arises out of the same conduct, transaction, or occurrence, as Stallcup's original pleading. The Court will deem the instant § 2255 motion to be timely filed within one-year of the *Davis* decision.

### C. Grounds for Relief

In *Davis,* the Supreme Court held the definition of a violent felony found in § 924(c)(3)(B) (commonly known as the "residual clause") was unconstitutionally vague. Stallcup argues that following the *Davis* decision, a Hobbs Act robbery can no longer constitute a crime of violence under § 924(c)(3)(A) (commonly referred to as the "elements clause"). Stallcup concedes that existing Eighth Circuit precedent clearly holds that a Hobbs Act robbery is a crime of violence within the meaning of the elements clause – § 924(c)(3)(A). Nevertheless, Stallcup advances the argument that in light of *Davis* a Hobbs Act robbery can no longer qualify as a crime of violence under the elements clause and cannot constitute a crime of violence under the unconstitutionally vague residual clause. Stallcup asks the Court to grant his motion and vacate his § 924(c) conviction and the imposed 87-month consecutive sentence.

The Government contends *Davis* has no applicability to a Hobbs Act robbery since it is a crime of violence under the elements clause. The Government argues that this Court has no choice but to follow existing Eighth Circuit precedent and deny the Motion on the merits.

As noted above, Stallcup was charged with one-count of robbery affecting interstate commerce in violation of the Hobbs Act. 18 U.S.C. § 1951(a). The Hobbs Act defines the term robbery as:

> the unlawful taking or obtaining of personal property from the person or in the

> presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Section 924(c) provides for a mandatory consecutive sentence for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A-B).

In *Diaz v. United States*, 863 F.3d 781 (8th Cir. 2017), "to avoid the one-year statute of limitations [under § 2255], Diaz claimed that the right to have his § 924(c) sentence vacated was initially recognized by the Supreme Court's retroactive decision" in *Johnson v. United States*, 576 U.S. 591 (2015). *Diaz*, 863 F.3d at 782. *Johnson* "declared unconstitutional the 'residual clause' in § 924(e)(2)(B)(ii), part of the Armed Career Criminal Act's definition of the term 'violent felony.'" *Id.* As in this case, Diaz was charged with a Hobbs Act robbery. The Eighth Circuit held that even if *Johnson* called into doubt the constitutionality of § 924(c)(3)(B), it did not call into doubt § 924(c)(3)(A). *Id.* at 783. The Eighth Circuit rejected Diaz's argument that a "Hobbs Act [r]obbery does not qualify as a crime of violence under § 924(c)(3)(A)." *Id.* The court noted that it had "expressly held that Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person of another, the operative term in §

6

924(c)(3)(A)." *Id.* (internal quotations and citations omitted).

Again, in *United States v. Jones,* 919 F.3d 1064, 1072 (8th Cir. 2019), the argument was made that a Hobbs Act robbery "did not qualify as a [crime of violence] predicate as defined in § 924(c)(1)(A)." *Id.* Jones argued that someone could violate the Hobbs Act by "conspiracy or by creating a fear of injury; as a result, a violation of the Act could be done without the use of force or threat of force as provided in § 924(c)(3)(A)." *Id.* The Eighth Circuit again noted that it had expressly held that "Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person of another, the operative terms in § 924(c)(3)(A)." *Id.*

The Eighth Circuit noted that the Supreme Court in *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204, 1223 (2018) "held that language identical to that found in § 924(c)(3)(B) was unconstitutionally vague." *Jones,* 919 F.3d at 1072. However, the Eighth Circuit held that *"Dimaya* has no impact on circuit precedent holding that Hobbs Act robbery is a [crime of violence] predicate under § 924(c)(3)(A)." *Id. See also United States v. House,* 825 F.3d 381, 387 (8th Cir. 2016) (Hobbs Act robbery is a crime of violence); *United States v. Farmer,* 73 F.3d 836, 843 (same).

Stallcup argues the holdings of the Eighth Circuit are incorrect. He contends that a Hobbs Act robbery categorically fails to qualify as a crime of violence under the elements clause, § 925(c)(3)(A), because (1) it can be committed by causing fear of future injury to property, which does not require a threat of violent physical force, and (2) the offense does not require an *intentionally made* threat of violent physical force. (ECF No. 57 at 4). In support of his argument, Stallcup draws the Court's attention to a single favorable decision by the Northern District of California, *United States v. Chea,* No. 98-CR-20004-1, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019). Following the *Davis* decision, the *Chea* court held that the sentence for a Hobbs

7

Act robbery could only be upheld if a Hobbs Act robbery was categorically a crime of violence under the elements clause of § 924(c)(3). *Id.* at *1. The court concluded that "Hobbs Act robbery is not categorically a crime of violence under the elements clause of § 924(c)(3), because the offense can be committed by causing fear of future injury to property, which does not require 'physical violence' within the meaning of § 924(c)(3)." *Id.*

*Davis* dealt solely with the residual clause of § 924(c)(3)(B) and has no applicability to the elements clause of § 924(c)(3)(A). *Davis*, 139 S. Ct. at 2335-36 (dealing only with the residual clause). Stallcup can only prevail if this Court finds that a Hobbs Act robbery does not constitute a crime of violence under § 924(c)(3)(A); however, the Eighth Circuit in *Diaz* and *Jones* has squarely rejected arguments nearly identical to those made by Stallcup. In each decision, the Eighth Circuit reinforced its conclusion that a Hobbs Act robbery does constitute a crime of violence under the elements clause, § 924(c)(3)(A). It has repeatedly held that "Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person of another, the operative term in § 924(c)(3)(A)." *Diaz*, 863 F.3d at 783 (cleaned up). *Davis* compels no different result. Given the Eighth Circuit precedent, Stallcup cannot prevail in this action.

### III.   CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Stallcup's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 (ECF No. 59) be **DENIED** and **DISMISSED**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b) & (c)(2); *see Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). A "substantial showing" is a showing that "issues are

debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (quotation marks and citation omitted). Based upon the above analysis of Stallcup's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of March 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE